### No. 17,337.

THE PEOPLE OF THE STATE OF COLORADO v. GALLEGOS.

(274 P. [2d] 608)

Decided September 27, 1954.

Mr. DUKE W. DUNBAR, Attorney General, Mr. ROBERT DELANEY, for the People.

Mr. CHARLES F. STEWART, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

JOE GALLEGOS was charged with aggravated robbery, and, upon trial to the court — a jury having been waived — at the conclusion of the evidence and upon motion of counsel for defendant, the trial court "ordered the case dismissed and defendant released." The People bring the cause to our Court under the provisions of section 500, chapter 48, '35 C.S.A., seeking a reversal of the judgment of the trial court.

The facts are not in serious dispute. Joe Gallegos was a sheepherder employed by one D. A. McPherson at a monthly wage of $180.00, with a provision that if he would take the herd of sheep onto the forest reserve and stay with them until fall, his wages would be $200.00 a month. Gallegos later quit his employment and demanded his wages upon the basis of $200.00 per month, and this led to a dispute with his employer. Later, and during the same day of the dispute, defendant drew a gun and pointed it at his employer to enforce his demand, and McPherson, being "under force or intimidation," com-

**234**

plied. Whereupon, defendant departed. He later was arrested, and, as we have said, charged with aggravated robbery.

■ Our statute (section 84, chapter 48, '35 C.S.A.) provides, inter alia, "Robbery is the felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation." It is undisputed that defendant used a gun in demanding and receiving a check for wages, the payment of which he honestly believed to be due him.

Counsel for defendant does not contend that in thus securing the payment of his wages no crime was committed, nor did the trial court so determine. The only question presented on this review is whether, under the facts, defendant was guilty of aggravated robbery as to which the trial court held him guiltless.

Gallegos, in his defense in the trial court, relied upon, and the basis of his motion was, our opinion in *Analytis v. People*, 68 Colo. 74, 188 Pac. 1113. We have read and carefully considered the record in that case and have concluded that the decision there is determinative of the matter presented in the instant proceeding, and amply supported the trial court's disposition of this case.

We are aware of the fact that there is a divergence of opinion in robbery cases, and in *Moyers v. State*, 186 Ga. 446, 197 S.E. 846, there is a nicety of distinctions which we are disinclined to adopt in this jurisdiction. However, it is to be noted that in that case is the statement, "If the animus furandi is lacking in the taking, there can be no robbery. So our courts have held the taking of property under a fair claim of right of possession does not constitute robbery." Also it should be observed that in the Georgia case the word "fraudulent" is used in the definition of robbery, and its absence in our jurisdiction is to be noted.

■ "Animus furandi" is a latin phrase which generally may be translated as intent to steal, that is, a crim-

inal intent or an intent to feloniously deprive an owner of his property.

In the Analytis case, supra, we cited the court's opinion in *State v. Hollyway*, 41 Ia. 200, and therein is to be found the following: "If it be not robbery to forcibly take property from another as security for that to which the defendant in good faith lays claim as the owner thereof, we do not see how it can be said to be robbery where the defendant by putting in fear compels his debtor to pay that which the defendant in good faith believes to be a just and honest debt then due. The felonious intent is wanting in the latter as well as the former case. There is no fraud or injury intended in either case. The intent in both is to obtain that which he believes to be his and nothing more. This rebuts the inference of a felonious intent that would arise from the forcible and unlawful taking."

■ Under the Analytis case, supra, it is settled law in Colorado — and we believe it to be the law in all but a few other jurisdictions — that when a creditor takes money from his debtor in satisfaction of an obligation, even though in so doing he uses force or intimidation, it cannot be regarded as robbery for it is the generally accepted doctrine that where property is taken under a bona fide claim of right the requisite animus furandi is lacking.

■ It may generally be said that the offense of robbery is but an aggravated form of larceny, and, therefore, the intent to deprive an owner of his property and to convert it to the use and benefit of the accused is an essential element of the offense and must be established beyond a reasonable doubt by competent evidence. In the present case it is undisputed that the intent to steal is absent, and this being a substantive element in the commission of the crime of robbery, its absence precludes a successful prosecution therefor. The following are but a few of the decisions supporting the trial court's action in the instant case: *People v. Hughes,* 11 Utah

100, 39 Pac. 492; *Butts v. Commonwealth,* 145 Va. 800, 133 S.E. 764; *Bauer v. State,* 45 Ariz. 358, 43 P. (2d) 203; *Johnson v. State,* 24 Okla. Cr. Rep., 326, 218 Pac. 179; 46 Am. Jur., p. 145, sec. 13; 77 C.J.S., p. 464, sec. 22 (c); 13 A.L.R. 141; 31 A.L.R. 1081; 116 A.L.R. 997.

The trial court's judgment of dismissal was correct, and accordingly, his ruling on the motion is approved and the judgment affirmed.