[No. A046759. First Dist., Div. One. Aug. 6, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
RODNEY LEE REYNOLDS, Defendant and Appellant.

**COUNSEL**

Fern M. Laethem, State Public Defender, under appointment by the Court of Appeal, and Victor J. Morse, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Laurence K. Sullivan for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Appellant challenges the validity of his out-of-state prior convictions which were used to enhance his sentence.

### FACTS

Appellant was charged with 15 offenses arising out of a series of armed robberies and assaults. The most serious charge was aggravated assault by an habitual offender (Pen. Code, § 667.7).[1] Appellant pled guilty to two counts of possession of a firearm by a convicted felon. After the charge of attempted murder was dismissed on motion of the district attorney, a jury found appellant guilty of the remaining 12 counts. Thereafter, a court trial was held on the allegation that appellant had suffered five prior serious felony convictions:

1967—robbery—St. Louis, Missouri

1967—assault—St. Louis, Missouri

1973—robbery—Jackson County, Missouri

1973—robbery—Jackson County, Missouri

1978—robbery—Colorado

The trial court found these alleged prior convictions to be true. Based on his present conviction for aggravated assault and his three prior prison terms for violent felonies, appellant was adjudged an habitual offender and sentenced to life imprisonment without possibility of parole. The court also imposed a consecutive eight-year sentence on four other counts.[2] Concurrent sentences were imposed on the remaining counts but stayed pursuant to section 654. The court also imposed three consecutive five-year enhancements for prior serious felony convictions (§ 667), but stayed execution of those enhancements in view of the life sentence imposed pursuant to section 667.7.

---

[1] Unless otherwise indicated, all further statutory references are to the California Penal Code.

[2] The eight-year term was computed as follows:

| | |
|---|---|
| Count 8—assault: | 3 years (middle) |
| Count 2—assault: | 1 year (1/3) |
| Count 5—assault: | 1 year (1/3) |
| Count 11—robbery: | 1 year (1/3) |
| Use of a gun: | 2 years |

DISCUSSION

## I. *Enhancement Under Section 667.7*

Section 667.7 sets up a self-contained sentencing scheme for certain violent habitual offenders. It provides for mandatory sentences in lieu of the determinate sentences provided by section 1170. (*People v. Victor* (1991) 227 Cal.App.3d 518, 524 [278 Cal.Rptr. 7].) If the offender has served two prior prison terms for certain enumerated violent felonies, he may be sent to prison for life with the possibility of parole after twenty years; however, if the offender has served three such prior prison terms, he may be sent to prison for life without possibility of parole.

Section 667.7 permits out-of-state prior convictions to be used for enhancement purposes only if the out-of-state offense "includes all of the elements" of the offense under California law. (§ 667.5, subd. (f); see, generally, *People v. Crowson* (1983) 33 Cal.3d 623, 632 [190 Cal.Rptr. 165, 660 P.2d 389].) In the present case, the trial court found that appellant had served three separate prior prison terms for violent felonies: robbery and assault in 1967; two robberies in 1973; and a robbery in 1978.

■ Appellant contends his robbery conviction from Colorado cannot be used because the definition of robbery under Colorado law is not the same as under California law, in that Colorado law does not require an intent to steal. Section 18-4-301(1) of the Colorado Revised Statutes provides: "A person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery." The prosecutor argued to the trial court that the specific intent to steal required by California law is equally required by Colorado case law, though not by the statute, citing *People v. Gallegos* (1954) 130 Colo. 232 [274 P.2d 608, 46 A.L.R.2d 1224]. Yet, the Supreme Court of Colorado overruled *Gallegos* in 1977 and held that robbery does *not* require specific intent to steal. (*People v. Moseley* (1977) 193 Colo. 256 [566 P.2d 331].) Since appellant was convicted in 1978, his Colorado robbery conviction cannot be used for enhancement under section 667.7.

Similarly, appellant's three Missouri robbery convictions cannot be used because intent to steal also was not an element of the crime of robbery under Missouri law at the time of his prior convictions. Former section 560.120 of the Revised Statutes of Missouri defines robbery as "taking the property of another from his person, or his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person." An intent to permanently deprive the owner of possession was not

an element of the offense. (*State* v. *Kennebrew* (Mo. 1964) 380 S.W.2d 293, 295.)

Because appellant has not served the requisite two prior prison terms for violent felonies, section 667.7 is inapplicable to him, and his sentence of life without possibility of parole must be set aside.

## II.  *Enhancements Under Section 667*

■    The trial court imposed three 5-year enhancements under section 667 but stayed them because of the sentence imposed under section 667.7. (See § 667, subd. (b).) Since the sentence under section 667.7 must be stricken, the question arises whether appellant's out-of-state convictions will support the enhancements imposed under section 667.[3]

Section 667 authorizes a five-year enhancement for each prior conviction for a "serious felony," as defined in section 1192.7. For out-of-state convictions, section 667 permits an enhancement when the out-of-state offense "includes all of the elements of any serious felony." As noted above, neither the Colorado nor the Missouri robbery statute contains the essential element of an intent to steal required by the California Penal Code. The question, then, is whether section 667 requires an equivalency between the foreign offense and the similarly named California crime. We conclude it does not.

Unlike section 667.7, which requires that the foreign offense include "all of the elements *of the particular felony as defined under California law*" (§ 667.5, subd. (f), italics added), section 667 requires only that the foreign offense include "all of the elements *of any serious felony*" (subd. (a), italics added). "Serious felony" is defined in section 1192.7 (§ 667, subd. (d)), and that section includes offenses not expressly defined under California law—e.g., burglary of an inhabited dwelling (§ 1192.7, subd. (c)(18)), bank robbery (§ 1192.7, subd. (c)(19)), or grand theft involving a firearm (§ 1192.7, subd. (c)(26)). Thus, the enhancements imposed by section 667 are not limited to those offenses defined by the California Penal Code.[4] We therefore conclude that section 667 authorizes the imposition of an enhancement

---

[3]The trial court imposed five-year enhancements for (1) the 1967 robbery and assault convictions from Missouri, (2) the two 1973 robbery convictions from Missouri, and (3) the 1978 robbery conviction from Colorado.

[4]We discern that the electorate's intent in enacting section 667 in 1982 was to expand the use of prior convictions. Article I, section 28, subdivision (f), of the California Constitution, passed into law contemporaneously with sections 667 and 1192.7, states, "*Any* prior felony conviction of any person in *any* criminal proceeding . . . shall subsequently be used *without limitation* for purposes of . . . enhancement of sentence in any criminal proceeding." (Italics added.)

for an offense committed in another jurisdiction which has all the elements of a serious felony, as defined in section 1192.7, even if the offense does not meet the definition of the correlative California crime.

In the present case, there is no question but that appellant's 1967 Missouri conviction for "assault with intent to kill with malice" includes all of the elements of a serious felony in California—i.e., attempted murder. (§ 1192.7, subd. (c)(9).) Appellant's 1967 Missouri and 1978 Colorado convictions for robbery also constitute serious felonies. Although those offenses are not equivalent to robbery as defined by California law (§ 211), they do include all of the elements of a serious felony. The 1967 Missouri judgment recites that appellant was convicted of "Robbery First Degree By Means of a Dangerous and Deadly Weapon." ▪▪▪▪ The 1978 Colorado judgment recites that appellant was convicted of aggravated robbery upon his plea of guilty to the information, which in turn recites that appellant took money from the victim "by the use of force, threats and intimidation" and that during the robbery appellant "was armed with a deadly weapon, to-wit: a gun . . . ."[5] These offenses qualify as a serious felony either as a felony in which the defendant personally used a dangerous or deadly weapon (§ 1192.7, subd. (c)(23)) or a felony in which the defendant personally used a firearm (§ 1192.7, subd. (c)(8)). (*People* v. *Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890].)

▪ With respect to appellant's 1973 Missouri robbery convictions, however, we conclude that they may not be used to enhance his sentence. Defendant was convicted in two cases of "Robbery First Degree" after being charged in both cases with using a blank pistol. Since a blank pistol is not a "firearm" (Pen. Code, § 12001, subd. (b)), and the use of an unloaded gun is not an assault with a dangerous deadly weapon (*People* v. *Orr* (1974) 43 Cal.App.3d 666, 672 [117 Cal.Rptr. 738]; *People* v. *Ranson* (1974) 40 Cal.App.3d 317, 321 [114 Cal.Rptr. 874]), these offenses cannot qualify as a serious felony.

▪ We emphasize that in determining whether a defendant's foreign conviction qualifies as a serious felony, the sentencing court is limited to a consideration of the elements of the prior conviction actually adjudicated in the foreign jurisdiction. "All the essential facts of his guilt must be res judicata. In applying [the habitual criminal statute] the courts of this state may take cognizance only of what has been lawfully adjudicated." (*In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40]; see also *In re Seeley*

---

[5]The specific elemental facts recited in the information are incorporated by reference into the judgment and may therefore properly be considered. (*People* v. *Colbert* (1988) 198 Cal.App.3d 924, 930 [244 Cal.Rptr. 98]; *People* v. *Longinetti* (1985) 164 Cal.App.3d 704, 706 [210 Cal.Rptr. 729].)

(1946) 29 Cal.2d 294 [176 P.2d 24]; *In re Finley* (1968) 68 Cal.2d 389, 392-393 [66 Cal.Rptr. 733, 438 P.2d 381].)

In *People* v. *Guerrero* (1988) 44 Cal.3d 343, 345 [243 Cal.Rptr. 688, 748 P.2d 1150], the court held that the trial court was entitled to look at the entire record to determine whether the defendant's prior conviction constituted a serious felony. Yet, we think *Guerrero* must be read in connection with the *McVickers-Seeley-Finley* line of cases. In each of those cases the court had to determine what facts were actually adjudicated in the foreign jurisdiction; when the record did not disclose the actually adjudicated facts, the courts presumed the prior conviction was for the least adjudicated offense punishable under the foreign statute. The *Guerrero* court expressly recognized that only adjudicated facts may properly be considered: "To allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (44 Cal.3d at p. 355.) The *Guerrero* court also quoted with apparent approval from *McVickers*. (44 Cal.3d at p. 349.) Thus, we interpret *Guerrero* to permit reference to the entire file of the foreign conviction to determine the actual adjudicated elements of the conviction.

In the present case, the trial court relied upon *Guerrero* as authority for examining the records of the Missouri convictions to search for the intent to steal.[6] In this respect, we think the trial court erred. Because intent to steal was not an element of the crime in Missouri, the issue was neither raised nor resolved. It was not an adjudicated element, and the trial court should not have searched the record to find a basis for supplying the missing element.

We reiterate, however, that defendant's 1967 Missouri and 1978 Colorado convictions may be used to enhance his sentence. Although the elements of the equivalent California crimes have not been established, those foreign offenses nevertheless qualify as serious felonies under section 1192.7.

---

[6]The 1967 Missouri information alleged that appellant robbed the Baltimore Bar "with the felonious intent then and there to permanently deprive the said Baltimore Bar . . . of the use of the said property . . . ." The docket sheet noted appellant pled guilty "as charged." The trial court concluded that because the intent to steal was alleged and admitted by the guilty plea, the offense contained the element of intent to steal. Similarly, with respect to the 1973 Missouri robberies, the trial court found that the allegation in the complaint that appellant "did feloniously . . . steal" certain property, coupled with appellant's plea of guilty to the charge, satisfied the element of intent to steal.

As for the Colorado robbery, the trial court mistakenly found the element of intent to steal was required by Colorado law. (See pt. I, *ante*.)

## CONCLUSION

The judgment is reversed, and the matter is remanded for resentencing consistent with the views expressed in this opinion.

Newsom, Acting P. J., and Dossee, J., concurred.