Opinion
 

 DABNEY, J.
 

 An information charged defendant Marlon Leon Johnson with burglary of an inhabited dwelling (Pen. Code, § 459) and alleged that Johnson had been convicted of a prior serious felony in Nevada (Pen. Code, § 667). Johnson initially pleaded guilty to the burglary and admitted the prior conviction. However, his conviction was reversed on appeal because the trial court, in taking the plea, had failed to advise him of his privilege against self-incrimination.
 
 (People
 
 v.
 
 Johnson
 
 (1989) 212 Cal.App.3d 1179, 1181, 1186-1187 [261 Cal.Rptr. 159].)
 

 On remand, a jury found Johnson guilty of first degree burglary. In a bifurcated proceeding, the court found true the allegation of a prior serious felony conviction. Johnson was sentenced to the middle term of four years for the burglary with a consecutive five-year term for the prior conviction.
 

 On appeal, Johnson contends that the Nevada conviction lacked necessary elements of a prior serious felony under California law. He also argues that his Nevada conviction was obtained in a manner that was unconstitutional under California law, and it was therefore a denial of equal protection to base the enhancement on the Nevada conviction.
 

 
 *960
 
 Facts
 

 Current Conviction.
 
 This appeal raises no issue concerning the underlying offense; the statement of facts will therefore be abbreviated.
 

 Witnesses reported seeing a man kick in a window and enter a house about 10:30 p.m. on March 4, 1988. A deputy sheriff arrived and saw Johnson in the street holding an item which appeared to be stereo equipment. Johnson ran behind a van and stooped down. The deputy ordered him to come out, and he emerged empty-handed.
 

 Deputies found a cable TV box and a VCR next to the van. One of the witnesses identified Johnson, by his clothing, as the man she had seen enter the house. The owner of the house identified the items found in the street as his. He had not given anyone permission to enter his house or remove the items.
 

 Nevada Conviction.
 
 In March 1986, Johnson was convicted of attempted sexual assault with the use of a deadly weapon (Nev.Rev.Stat. §§ 208.070, 193.165,
 
 [1]
 
 200.366
 
 [2]
 
 ) and assault with a deadly weapon (Nev.Rev.Stat. § 200.471). The evidence to support the court’s finding that the prior conviction was a serious felony included the Nevada indictment, judgment and trial court minute orders.
 

 The Nevada indictment which was read to the jury, charged:
 

 “Count I: Attempted Sexual Assault With The Use of a Deadly Weapon, a violation of NRS 208.070, being an attempt to violate NRS 193.165 and NRS 200.366, a felony, committed as follows:
 

 “That the said defendant ... did willfully, unlawfully and forcibly attempt to subject Fiona [M.] to sexual penetration against her will, in that the defendant attempted to cause the said Fiona [M.] to submit to fellatio
 
 *961
 
 through the use and the threat of the use of force . . . with the use of a knife which the defendant held toward the victim’s face and thrust toward the victim’s face.
 

 “Count II: Attempted Sexual Assault, a violation of NRS 208.070, being an attempt to violate NRS 200.366, a felony, committed as follows:
 

 “That [a codefendant] . . . did willfully, unlawfully and forcibly attempt to subject Fiona [M.] to sexual penetration against her will, in that the defendant attempted to cause the said Fiona [M.] to submit to fellatio through the use and the threat of the use of force ....
 

 “Count III: Assault With a Deadly Weapon, a violation of NRS 200.471, a felony, committed as follows:
 

 “That [Johnson] ... did willfully and unlawfully attempt to commit a violent injury upon the person of Fiona [M.] coupled with a present ability to do so, . . . with the use of a deadly weapon, to-wit, a knife, which the defendant held toward the victim’s face and thrust toward the victim’s face.”
 

 In count IV, Johnson and his codefendant were charged with kidnapping for the purpose of committing sexual assault on the victim.
 

 The Nevada judgment states, “. . . Marlon Leon Johnson is guilty of the crime of Attempted Sexual Assault With The Use of a Deadly Weapon as charged in Count I and Assault With a Deadly Weapon as charged in Count III of the Indictment.” The jury returned a special verdict that a deadly weapon was used in the commission of the offense. The codefendant was found not guilty of attempted sexual assault, and both were found not guilty of kidnapping. Johnson was sentenced to four years in prison with an additional four years for the use of a deadly weapon. However, the sentence was suspended, and Johnson was placed on probation.
 

 Discussion
 

 Johnson challenges the imposition of the five-year enhancement under Penal Code section 667, subdivision (a).
 
 [3]
 
 Johnson’s Nevada conviction was
 
 *962
 
 for attempted sexual assault. He argues that there is no such crime or comparable crime in California. He also contends that a finding of personal use of a deadly weapon is required to make a crime a serious felony under Penal Code section 1192.7, subdivision (c)(23), but Nevada does not require a finding of personal use to impose an enhancement under Nevada Revised Statutes section 193.165.
 
 (Anderson
 
 v.
 
 State
 
 (1979) 95 Nev. 625 [600 P.2d 241, 244].)
 

 Conviction of Attempted Sexual Assault.
 
 Johnson argues that he was convicted of attempted sexual assault, which is not a crime in California. However, “serious felonies” listed in Penal Code section 1192.7 describe criminal conduct, not specifically enumerated crimes.
 
 (People
 
 v.
 
 Guerrero
 
 (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150].)
 

 A “serious felony” means “any of the following:
 

 “(5) oral copulation by force, violence, duress, menace, threat of great bodily injury, or fear of immediate and unlawful bodily injury on the victim or another person;
 

 “(23) any felony in which the defendant personally used a dangerous or deadly weapon;
 

 “(27) any attempt to commit a crime listed in this subdivision other than an assault.” (Pen. Code, § 1192.7, subd. (c).)
 

 In
 
 Guerrero,
 
 the Supreme Court held that a trial court may examine the entire record of conviction to determine the substance of the prior conviction. (44 Cal.3d at p. 355; accord,
 
 People
 
 v.
 
 Rhoden
 
 (1989) 216 Cal.App.3d 1242, 1256-1257 [265 Cal.Rptr. 355];
 
 People
 
 v.
 
 Reynolds
 
 (1989) 211 Cal.App.3d 382, 387, 390 [259 Cal.Rptr. 352].)
 

 Johnson contends that
 
 Guerrero
 
 does not apply to foreign convictions and that the rule for determining whether foreign convictions are serious felonies is the rule announced in
 
 People
 
 v.
 
 Crowson
 
 (1983) 33 Cal.3d 623 [190
 
 *963
 
 Cal.Rptr. 165, 660 P.2d 389]. In
 
 Crowson,
 
 the Supreme Court held that “. . . enhancement is only permissible when the elements of the foreign crime, as defined by that jurisdiction’s statutory or common law, include all of the elements of the California felony.”
 
 (Id.,
 
 at p. 632.) The
 
 Crowson
 
 court instructed that even if the defendant’s
 
 conduct
 
 might have violated a California statute, the court must look to the specific
 
 crime
 
 as defined by law in the state where it occurred.
 
 (Id.,
 
 at p. 633.) If an element necessary to sustain a California conviction was not required to sustain a conviction under the Nevada statute, “neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading.”
 
 (Id.,
 
 at p. 634.) Under
 
 Crowson,
 
 we would be required to find that the Nevada felony was not necessarily a serious felony under California law because according to the terms of the Nevada statute, the crime could be committed without force or violence. (Compare Nev.Rev.Stat. § 200.366 with Pen. Code, § 1192.7, subd. (c)(5).)
 

 Contrary to Johnson’s position, the courts in
 
 Rhoden
 
 and
 
 Reynolds
 
 applied the
 
 Guerrero
 
 rule to foreign convictions. Like the courts in
 
 Rhoden
 
 and
 
 Reynolds,
 
 we agree that the
 
 Guerrero
 
 standard governs our review of Johnson’s foreign conviction.
 

 In
 
 Guerrero,
 
 the court overruled its decision in
 
 People
 
 v.
 
 Alfaro
 
 (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154] in which the court held that “proof that a prior conviction was a ‘serious felony’ for the purpose of the five-year enhancement under sections 667 and 1192.7(c) was limited to matters necessarily established by the prior judgment of conviction.”
 
 (Guerrero, supra,
 
 44 Cal.3d at p. 348.) In determining to overrule
 
 Alfaro,
 
 the
 
 Guerrero
 
 court reviewed and reaffirmed the principles of several earlier decisions:
 
 In re Finley
 
 (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381];
 
 In re Seeley
 
 (1946) 29 Cal.2d 294 [176 P.2d 24] and
 
 In re McVickers
 
 (1946) 29 Cal.2d 264 [176 P.2d 40],
 
 Finley, McVickers
 
 and
 
 Seeley
 
 all “construed Penal Code section 668, a parallel habitual criminal provision relating to prior foreign convictions.”
 
 (Guerrero, supra,
 
 44 Cal.3d at p. 348.) The
 
 Guerrero
 
 court noted, “[T]he
 
 Finley
 
 court plainly recognized and applied the rule laid down in
 
 McVickers
 
 and followed in
 
 Seeley:
 
 i.e., the court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law.”
 
 (Id.,
 
 at pp. 354-355.) The
 
 Guerrero
 
 court extended that rule to Penal Code section 667 enhancements.
 
 (Id.,
 
 at p. 355.)
 

 In light of the discussion in
 
 Guerrero,
 
 we would have no difficulty concluding that the
 
 Crowson
 
 rule is no longer good law. However, the
 
 *964
 
 Supreme Court has not explicitly overruled
 
 Crowson,
 
 and at least in dicta, continues to suggest that
 
 Crowson
 
 remains valid for some purposes. (See, e.g.,
 
 People
 
 v.
 
 Kaurish
 
 (1990) 52 Cal.3d 648, 700 [276 Cal.Rptr. 788, 802 P.2d 278];
 
 People
 
 v.
 
 Lang
 
 (1989) 49 Cal.3d 991, 1038 [264 Cal.Rptr. 386, 782 P.2d 627.] Nonetheless, we are bound to follow the more explicit pronouncements in
 
 Guerrero.
 

 We thus examine the record concerning Johnson’s Nevada conviction in light of
 
 Guerrero.
 
 “[W]hen the record does not disclose any of the facts of the offense actually committed”
 
 (Guerrero, supra,
 
 44 Cal.3d at p. 352), a presumption arises that the prior conviction was for the least offense punishable.
 
 (Rhoden, supra,
 
 216 Cal.App.3d at pp. 1256-1257.) However, the record need only contain additional evidence from which the court can reasonably presume that an element of the crime was adjudicated in the prior conviction. (See
 
 People
 
 v.
 
 Johnson
 
 (1989) 208 Cal.App.3d 19, 24 [256 Cal.Rptr. 16].)
 

 In several California cases, courts have turned to the facts alleged in the information or indictment to determine whether a particular element of a serious felony was adjudicated in a prior conviction. In
 
 Guerrero,
 
 the trial court imposed an enhancement for a prior burglary conviction based on “an accusatory pleading charging a residential burglary and defendant’s plea of guilty or nolo contendere.”
 
 (Guerrero, supra,
 
 44 Cal.3d at p. 345.) The court explained in
 
 People
 
 v.
 
 Skeirik
 
 (1991) 229 Cal.App.3d 444 [280 Cal.Rptr. 175], “[T]he
 
 [Guerrero]
 
 court implicitly rejected the assertion of the dissent that facts contained in the information are not competent to prove allegations which do not constitute elements of the crime. [Citation.]”
 
 (Id.,
 
 at p. 462.)
 

 In
 
 People
 
 v.
 
 Harrell
 
 (1989) 207 Cal.App.3d 1439 [255 Cal.Rptr. 750], the appellate court affirmed the imposition of an enhancement when the information for the prior conviction alleged that the defendant had entered a residence and the defendant had pleaded guilty to burglary “ ‘as charged in the Information.’ ”
 
 (Id.,
 
 at p. 1444; accord
 
 People
 
 v.
 
 Batista
 
 (1988) 201 Cal.App.3d 1288, 1293-1294 [248 Cal.Rptr. 46]; see also
 
 People
 
 v.
 
 Colbert
 
 (1988) 198 Cal.App.3d 924, 930 [244 Cal.Rptr. 98] [enhancement based on information which charged burglary of a residence and abstract of judgment reflecting that jury found defendant guilty as charged].)
 

 Here, the indictment charged conduct in count I which would unequivocally constitute a serious felony under California law, i.e., attempt forcible oral copulation under Penal Code section 1192.7, subdivisions (c)(5) and (27). The indictment was read to the jury, and the jury found Johnson guilty as charged in count I. We conclude that the record supports a finding that the
 
 *965
 
 elements which were adjudicated in Nevada included an attempt to commit oral copulation by force.
 

 Personal Use of Deadly Weapon.
 
 Penal Code section 1192.7, subdivision (c)(23) lists as a serious felony “any felony where the defendant personally used a dangerous or deadly weapon; . . .” To base an enhancement on a foreign conviction in which a deadly weapon was used, the “personal use” element of Penal Code section 1192.7, subdivision (c)(23) must necessarily have been adjudicated in the foreign conviction.
 
 (People
 
 v.
 
 Leever
 
 (1985) 173 Cd.App.3d 853, 873-874 [219 Cal.Rptr. 581].) Nevada does not require a finding of personal use to impose a deadly weapon use enhancement under Nevada Revised Statutes, section 193.165.
 
 (Anderson, supra,
 
 95 Nev. 625 [600 P.2d 241].)
 

 In
 
 People
 
 v.
 
 Equarte
 
 (1986) 42 Cal.3d 456 [229 Cal.Rptr. 116, 722 P.2d 890], the trial court concluded that defendant’s personal use of a firearm had been “adequately established since the evidence at trial clearly demonstrated that there had been no accomplice in this case.”
 
 (Id.,
 
 at p. 460.) The Supreme Court upheld this conclusion.
 
 (Id.,
 
 at p. 467.)
 

 Here, Johnson and a codefendant were charged in the Nevada indictment; however, the codefendant was not charged with weapon use and was found not guilty of the attempted sexual assault. The indictment did charge Johnson with weapon use, and the jury found the charge to be true. In finding the codefendant not guilty, the jury necessarily found that Johnson was the one who had used the weapon. (See
 
 Equarte, supra,
 
 42 Cal.3d at pp. 460, 467.)
 

 Our examination of the record convinces us that the trial court did not abuse its discretion in determining that Johnson’s prior conviction was a serious felony for purposes of imposing an enhancement under Penal Code section 667. The record supports a finding that the elements which were adjudicated in Nevada included personal use of a deadly weapon.
 

 Constitutionality of Nevada Conviction.
 
 Johnson contends that his Nevada conviction should not have been used as the basis for the enhancement because Nevada law did not allow him the same procedural protections he would have enjoyed in California. He asserts that the Nevada conviction was therefore unconstitutional under California law.
 
 [4]
 

 In the analogous context of a prior conviction alleged as a special circumstance in a capital case, the California Supreme Court rejected the
 
 *966
 
 proposition that California courts should “determine whether the guilt ascertainment procedures of [a foreign] jurisdiction afforded the same procedural protections as those in California.”
 
 (People
 
 v.
 
 Andrews
 
 (1989) 49 Cal.3d 200, 222 [260 Cal.Rptr. 583, 776 P.2d 285].) The defendant in that case raised an equal protection challenge to the use of an Alabama conviction on the ground that a person convicted of murder at age 16 in California was entitled to a hearing on his fitness to be tried as an adult whereas a similar defendant tried in Alabama would not necessarily be entitled to such a hearing.
 
 (Id.,
 
 at p. 223.) The court instructed, “In no two states is the process by which a conviction is obtained identical. This does not mean, however, that a violation of equal protection results when a conviction from a foreign jurisdiction and a California conviction for the same offense are accorded equal weight, and defendant cites no authority holding such treatment to be unconstitutional. We conclude that, as long as the guilt ascertainment process in the foreign jurisdiction is not in and of itself constitutionally flawed, there is no constitutional bar against treating a murder conviction from a foreign state in the same manner as a California conviction for the same offense.”
 
 (Id.,
 
 at p. 224.) We find no violation of equal protection in the use of the Nevada conviction as the basis for an enhancement.
 

 Disposition
 

 The judgment is affirmed.
 

 Ramirez, P. J., and Timlin, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied December 11, 1991.
 

 [1]
 

 Nevada Revised Statutes section 193.165 states, “1. Any person who uses a firearm or other deadly weapon ... in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. . . .
 

 “2. This section does not create any separate offense but provides an additional penalty for the primary offense, whose imposition is contingent upon the finding of the prescribed fact. . . .”
 

 [2]
 

 Nevada Revised Statutes section 200.366 provides, “1. A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the victim’s will or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.”
 

 [3]
 

 Penal Code section 667, subdivision (a) provides, “. . . any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a
 
 *962
 
 five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.”
 

 [4]
 

 Johnson does not contend that the Nevada conviction was invalid under the laws of that state or that the Nevada procedures violated federal constitutional due process.