[No. D012890. Fourth Dist., Div. One. May 12, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT HAYES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

618

**COUNSEL**

David M. McKinney for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Robert M. Foster and M. Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, Acting P. J.**—In 1987, a jury convicted defendant Albert Hayes of attempted murder. It also found two alleged prior serious felony enhancements, a 1972 Texas robbery conviction and a 1980 California residential burglary conviction, were true. (Pen. Code, §§ 667, subd. (a), 1192.7, subd.

(c)(19).)[2] In an earlier opinion we reversed the judgment "insofar as it relate[d] to true findings on the two serious prior felony enhancements" because Hayes was denied his right to participate in that part of the trial involving the enhancements, but affirmed the judgment "[i]n all other respects." In the ensuing limited retrial, the jury found both priors were true. The court sentenced Hayes to an additional 10 years to be served consecutively to the previously imposed 12 years. Hayes again appeals. We affirm.

## I

### OUT-OF-STATE PRIOR CONVICTION

Hayes argues the court could not enhance his sentence on the basis of his earlier Texas robbery conviction because it does not constitute a serious felony within the meaning of sections 667 and 1192.7, subdivision (c)(19).[3]

Section 667, subdivision (a) provides "any person convicted of a serious felony who previously has been convicted of a serious felony in this state *or of any offense committed in another jurisdiction which includes all of the elements of any serious felony*, shall receive . . . a five-year enhancement for each such prior conviction . . . ." (Italics added.) Section 667, subdivision (d) defines a serious felony as any felony listed in subdivision (c) of section 1192.7. Included in that list is robbery. (See § 1192.7, subd. (c)(19.) While section 667 does not require that the foreign offense correspond to the particular crime in California (see *People* v. *Reynolds* (1991) 232 Cal.App.3d 1528, 1533 [284 Cal.Rptr. 356]),[4] the court below enhanced Hayes's sentence based upon a finding that Hayes's Texas robbery conviction included

---

[2]All statutory references are to the Penal Code unless otherwise specified.

[3]In reference to this argument we reject the Attorney General's contention that Hayes is precluded by the collateral estoppel doctrine from raising this issue. The Attorney General points out the trial court rejected Hayes's contention at his first trial, but that Hayes failed to raise the issue as error in his previous appeal. For the doctrine of collateral estoppel to apply, however, the issue in question must have been actually litigated and determined by a *final judgment*. (*Grain Dealers Mutual Ins. Co* v. *Marino* (1988) 200 Cal.App.3d 1083, 1088 [246 Cal.Rptr. 410]; see *People* v. *Sims* (1982) 32 Cal.3d 468, 484 [186 Cal.Rptr. 77, 651 P.2d 321].) As noted earlier, we *reversed* the judgment with respect to Hayes's earlier convictions on a specific ground and did not discuss other possible grounds which may have been relevant to this issue. Thus, because we did not reach those other issues they were not actually litigated and determined by a final judgment. Consequently our reversal of the judgment as it related to the true findings on the two serious felony enhancements reopened all issues pertaining to those prior convictions, not specifically analyzed and addressed. (See *People* v. *Hogue* (1991) 228 Cal.App.3d 1500, 1504-1506 [279 Cal.Rptr. 647].)

[4]As *Reynolds* explained "[u]nlike section 667.7, which requires that the foreign offense include 'all of the elements *of the particular felony as defined under California law*' (§ 667.5, subd. (f), italics added), section 667 requires only that the foreign offense include 'all of the

all the elements of robbery under California law. Additionally, the parties here focus principally on robbery as the appropriate serious felony for purposes of enhancement. We therefore limit our discussion accordingly.

### A.

We first consider whether we may rely on the Texas information to which Hayes pled guilty to establish the elements of a California robbery were satisfied in this case. Hayes says we are limited to looking at the *statutory elements* of the prior offense and may not look to the specific facts underlying his previous conviction in determining whether the Texas offense would constitute a robbery under California law. Determining the correctness of Hayes's position, we examine three California Supreme Court decisions, *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389], *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154], and *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].

In *Crowson*, the trial court imposed a one-year enhancement under section 667.5, providing for additional penalties for prior prison terms, on the basis of the defendant's previous federal drug conspiracy conviction. Unlike California's conspiracy statute (§ 184), federal law does not explicitly make commission of an overt act an element of the offense. The indictment to which the defendant pled guilty, however, specifically alleged two overt acts in support of the conspiracy charge. Rejecting the People's contention that such guilty plea established the defendant's federal conspiracy offense included all the elements of the corresponding California felony, the court held "enhancement is only permissible when the *elements of the foreign crime*, as defined by that jurisdiction's statutory or common law, include all of the elements of the California felony." (33 Cal.3d at p. 632, italics added.) In so ruling, the court relied upon (1) section 667.5's statutory language referring to a "specific crime *as defined by law*, and not simply to the actual conduct of the defendant" (33 Cal.3d at p. 633); (2) the unfairness inherent in giving "surplus" allegations in foreign allegations conclusive effect (*id.* at p. 634); and (3) a line of cases culminating in *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381], construing section 668, a parallel habitual offender statutory provision. (33 Cal.3d at pp. 633-634.)

*Alfaro* considered a similar issue with respect to a section 667 enhancement based upon a prior residential burglary conviction where the fact that a residence was involved was not an essential element of the offense. At the

---

elements *of any serious felony*' (subd. (a), italics added.)." (*Reynolds, supra* 232 Cal.App.3d at p. 1533.)

time, section 667 permitted enhancement only when the prior burglary was of a residence. Relying on *Crowson* and dicta in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], *Alfaro* rejected the prosecution's attempt to prove the residential character of the prior burglary by defendant's guilty plea to a charging allegation that the burglary involved a residence. The court explained "the judgment in the [prior] burglary proceeding did not establish that defendant entered a residence. While the information so alleged, such entry was not an element of the crime." (*Alfaro, supra*, 42 Cal.3d at p. 636.) Reaffirming *Crowson*, the court emphasized " 'the prosecution cannot go behind the record of the conviction . . . to prove some fact which was not an element of the crime.' " (*Id.* at p. 636, quoting *People* v. *Jackson, supra*, 37 Cal.3d at p. 834.) The court further explicitly rejected the Attorney General's suggestion that the court "should at least permit proof based on the record in the court file." (*Alfaro, supra*, 42 Cal.3d at p. 635.)

Two years later, *Guerrero* addressed the identical issue presented in *Alfaro* —the defendant pled guilty or nolo contendre to a residential burglary allegation, where the type of structure was not an element of the offense. Responding to the Attorney General's request to reexamine *Alfaro*, the court initially noted *Alfaro* based its decision on *Crowson* which relied upon *In re Finley, supra*, 68 Cal.2d 389. After reviewing the *Finley* line of cases[5], the *Guerrero* court determined such cases did not support *Alfaro* and explicitly overruled it. In so doing, the court adopted the rule that in imposing a section 667 enhancement, a court "may look to the entire record of the conviction" to determine the nature of a defendant's prior conviction. (*Guerrero, supra*, 44 Cal.3d at p. 355.) The court explained it is only where the record does *not* disclose "any of the facts of the offense actually committed," that a court must presume the prior conviction was for the least offense punishable. (*Id.* at p. 352; *People* v. *Rhoden* (1989) 216 Cal.App.3d 1242, 1256-1257 [265 Cal.Rptr. 355].) Applying these principles, *Guerrero* ruled the trial court properly reviewed an accusatory pleading and the defendant's plea of guilty or nolo contendere in determining whether the prior felony conviction constituted a "serious felony." (44 Cal.3d at pp. 345, 356.)

Following *Guerrero*, numerous courts have likewise upheld the trial court's reliance upon the contents in the file of a prior conviction to establish a particular element of a serious felony was adjudicated, despite the fact that the statute did not *require* such element to have been established. (See e.g. *People* v. *Johnson* (1991) 233 Cal.App.3d 1541, 1546-1548 [285 Cal.Rptr. 394]; *People* v. *Harrell* (1989) 207 Cal.App.3d 1439, 1444 [255 Cal.Rptr.

---

[5]The court identified *Finley*'s predecessors to include *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40] and *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24].

750]; *People* v. *Batista* (1988) 201 Cal.App.3d 1288, 1293-1294 [248 Cal.Rptr. 46]; see also *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 460-463 [280 Cal.Rptr. 175]; *People* v. *Tuggle* (1991) 232 Cal.App.3d 147, 153-156 [283 Cal.Rptr. 422].)[6]

Notwithstanding *Guerrero* and its progeny, Hayes persists in arguing an underlying record of conviction may not be used to supply a missing element of a prior offense, relying upon *People* v. *Reynolds, supra,* 232 Cal.App.3d 1528 and *People* v. *Crowson, supra,* 33 Cal.3d 623. Hayes's reliance on these decisions is misplaced.

In *Reynolds, supra,* 232 Cal.App.3d 1528 the trial court looked to the information and guilty plea underlying the defendant's previous Missouri robbery conviction to determine whether intent to steal was an element of the offense. Finding such record review to be error, *Reynolds* explained "[b]ecause intent to steal was not an element of the crime in Missouri, the issue was neither raised nor resolved. It was not an adjudicated element, and the trial court should not have searched the record to find a basis for supplying the missing element." (*Id.* at p. 1535.) Relying upon the *Finley-McVickers-Seeley* line of cases, *Reynolds* thus interpreted *Guerrero* to mean a court is entitled to look to an information and guilty plea *only* to establish *which* of the statutory elements of the foreign crime were "actually adjudicated." (*Ibid.*)

We believe *Reynolds* misreads *Guerrero.* As noted earlier, *Guerrero* makes clear the court may look to *the entire record* of conviction to determine the substance of a prior foreign conviction, including to prove allegations which do not constitute elements of the crime. (See *Johnson, supra,* 233 Cal.App.3d 1541, 1546; *Skeirik, supra,* 229 Cal.App.3d at p. 462 [*Guerrero* "implicitly rejected the assertion of the dissent that facts contained in the information are not competent to prove allegations which do not constitute elements of the crime"]; see also *Tuggle, supra,* 232 Cal.App.3d at p. 155 ["A defendant may be bound to his or her admission of a [prior] charged crime . . . even though some of the allegations in the charging document were not elements of the offense" citing *Guerrero*].) Significantly, *Guerrero* held the trial court "acted properly" in relying upon a plea to the charging allegations to supply a missing statutory element. (*Guerrero, supra,* 44 Cal.3d at p. 356.) That is precisely what the trial court did in this case. "If such evidence of conviction in *Guerrero* was sufficient to satisfy our Supreme Court, it is necessarily sufficient to satisfy us." (*People* v. *Johnson* (1989) 208 Cal.App.3d 19, 27 [256 Cal.Rptr. 16].)

---

[6]While many of these cases involved prior *California* convictions, their principles have been held applicable to prior out-of-state convictions. (See *People* v. *Johnson, supra,* 233 Cal.App.3d at p. 1547; *People* v. *Rhoden, supra,* 216 Cal.App.3d 1242, 1256-1257; *People* v. *Reynolds* (1989) 211 Cal.App.3d 382, 387, 390 [259 Cal.Rptr. 352].)

Moreover, aside from *Guerrero*'s unequivocal language, we are unwilling to apply *Reynolds*'s reasoning. The fact that intent to steal is not an element of a particular crime, does not mean the issue was "neither raised nor resolved." Rather, where a defendant enters a guilty plea constituting his voluntary admission he committed the acts alleged in the indictment, such plea unequivocally establishes the particular elements alleged *were both raised and resolved.*

We also reject Hayes's reliance on *Crowson* because we believe *Crowson* no longer retains validity after *Guerrero* with respect to the precise issue before us. (See *Johnson, supra,* 233 Cal.App.3d at p. 1547 ["In light of the discussion in *Guerrero,* we would have no difficulty concluding that the *Crowson* rule is no longer good law"]; *Tuggle, supra,* 232 Cal.App.3d at p. 156 ["*Guerrero* is admittedly somewhat at odds with cases such as . . . *Crowson* . . ."].) As set forth above, *Guerrero* explicitly overruled *Alfaro.* While it did not do so with respect to *Crowson, Alfaro* and *Crowson* were based upon almost identical principles. *Guerrero*'s rejection of the *Finley* line of cases as supportive of *Alfaro* and the fact that *Guerrero* reached its decision over a vigorous dissent stressing its inconsistency with *Crowson* compels the conclusion that *Crowson* cannot logically control the circumstances of this case.

At oral argument, Hayes's counsel pursued his contention that *Crowson* was controlling, referring us to two recent Supreme Court decisions citing *Crowson* in dictum. (See *People* v. *Kaurish* (1990) 52 Cal.3d 648, 700 [276 Cal.Rptr. 788, 802 P.2d 278]; *People* v. *Lang* (1989) 49 Cal.3d 991 [264 Cal.Rptr. 386, 782 P.2d 627].) In *Kaurish* and *Lang,* however, the court merely held a "prior felony conviction" within the meaning of *section 190.3, factor (c)* includes any prior conviction which was a felony under the laws of the particular foreign jurisdiction, explicitly rejecting the defendants' arguments that it should apply *Crowson*'s "least adjudicated elements" test. In so holding, the court did not reassert *Crowson*'s validity or in any way limit the scope of *Guerrero.* Significantly, this case involves the identical code section (§ 667) as that in *Guerrero* (compare *Crowson, supra,* 33 Cal.3d 623 [§ 667.5]) and concerns the identical form of proof of prior conviction (guilty plea to charging allegation). Therefore, even if we were to accept Hayes's contention that *Crowson* remains viable after *Guerrero,* he fails to explain why it should apply *here,* where the more recent Supreme Court decision is almost directly on point. (See *People* v. *Johnson, supra,* 233 Cal.App.3d at pp. 1547-1548 [although "the Supreme Court has not explicitly overruled *Crowson,* and at least in dicta, continues to suggest that *Crowson* remains valid for some purposes. . . . we are bound to follow the more explicit pronouncements in *Guerrero*"].)

Thus, contrary to Hayes's contention, in determining whether the elements underlying Hayes's Texas conviction would constitute a serious felony in California, we may look to the information and guilty plea as well as the particular elements of the offense.

### B.

 Applying the foregoing principles, we now examine whether Hayes's robbery conviction established all the elements of robbery under California law.

At the time of Hayes's alleged Texas robbery conviction, former article 1408 of the Texas Statutes defined robbery as follows: "if any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished . . ." (Tex. Stat. Ann. art. 1408 (Vernon 1953).) The Texas indictment alleged that Hayes, on November 13, 1971, "did unlawfully and willfully make an assault upon the person of [the victim] and . . . by said assault and by violence to the said [victim] and by putting the said [victim] in fear of life and bodily injury, did then and there fraudulently take from the person and possession, and without the consent and against the will of said [victim] fifty-six dollars . . ." According to the Texas judgment, Hayes later pled "guilty [to] . . . robbery as contained in the indictment . . . ."

Section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Hayes says the Texas statute, unlike section 211, does not require (1) asportation; (2) the property in question be taken from the person or immediate presence of the victim; or (3) the property be taken against the victim's will.

As set forth above, Hayes pled guilty to the allegation that he "did and there fraudulently *take from the person and possession, and without the consent and against the will* of said [victim] fifty-six dollars . . ." Such facts establish (1) the asportation or carrying away element, as it has been interpreted under California law[7]; (2) that Hayes took the money from *the person* of the victim; and (3) that he gained possession of the property *against the victim's will*.

---

[7]The asportation requirement is satisfied by evidence of a very slight movement. (*People* v. *Cooper* (1991) 53 Cal.3d 1158, 1165 [282 Cal.Rptr. 450, 811 P.2d 742].) "Any removal of the article . . . whereby the thief obtains possession and control of the property at least for a fraction of time is sufficient to constitute the element of carrying away." (*People* v. *Nazzaro* (1963) 223 Cal.App.2d 375, 381 [35 Cal.Rptr. 879]; accord *People* v. *Scott* (1985) 170 Cal.App.3d 267, 272 [215 Cal.Rptr. 618] [robbery is established as soon as there has been

We therefore conclude Hayes's prior Texas conviction contained all the elements of robbery under California law, thereby permitting the court to enhance Hayes's sentence on the basis of such conviction.

## C.

■ We also reject Hayes's contention the trial court committed error by failing to reconsider his previously imposed 12-year sentence on the attempted murder offense. Hayes was not entitled to be resentenced on the underlying offense since the judgment was reversed only as to the truth of the prior convictions. (See *People* v. *Jackson* (1987) 189 Cal.App.3d 113 [234 Cal.Rptr. 293].) Our remand reopened only those sentencing issues pertaining to the prior convictions. Thus, while the court could not consider the previously imposed sentence, it was required to exercise its discretion to determine whether any mitigating circumstances support striking one or both of the enhancements.

## II

### MOTIONS FOR SELF-REPRESENTATION AND ADVISORY COUNSEL*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

Judgment affirmed.

Benke, J., and Nares, J., concurred.

A petition for a rehearing was denied June 5, 1992, and appellant's petition for review by the Supreme Court was denied August 13, 1992.

---

movement "however slight, of the property to the robber's dominion and control"].) " 'Asportation . . . may be fulfilled by wrongfully . . . removing property from the . . . control of the owner, . . . even though the property may be retained by the thief but a moment.' " (*People* v. *Pruitt* (1969) 269 Cal.App.2d 501, 505-506 [75 Cal.Rptr. 125], quoting *People* v. *Quiel* (1945) 68 Cal.App.2d 674, 679 [157 P.2d 446].) The fact that Hayes admitted he did "*take* [fifty-six dollars] from the [victim]" establishes he removed the money from its rightful owner for at least a fraction of time. Thus, the asportation element has been established.

*See footnote, *ante*, page 616.