[No. D001682. Fourth Dist., Div. One. Jan. 14, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD DALE CRANE, Defendant and Appellant.

**COUNSEL**

William K. Mueller for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Janelle B. Davis, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Ronald Dale Crane appeals a negotiated judgment convicting him of a first degree residential burglary (Pen. Code,[1] § 459). He admitted a prior felony conviction for second degree burglary and the trial court found the prior burglary was of a dwelling house, a serious prior felony under sections 667, subdivisions (a) and (d), and 1192.7, subdivision (c)(18). Crane contends the trial court erred in finding the prior conviction

---

[1]All statutory references are to the Penal Code unless otherwise specified.

of second degree burglary was of a residence. Because court records establish the prior conviction specifically included the adjudication the burglary was residential in character within the meaning of section 667, we affirm the judgment.

Pursuant to the parties' plea bargain reserving the right to litigate the validity of the serious felony at the time of sentencing, Crane moved to strike the prior serious felony conviction, contending, as he does here, the court is precluded by the holding in *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389], from going behind the prior second degree burglary judgment to determine whether it was in fact a residential burglary, a serious felony prior pursuant to sections 667, subdivisions (a) and (d), and 1192.7, subdivision (c)(18). His motion was denied. At the hearing, the prosecution relied on the prior felony criminal complaint which charged: "Count III: On or about October 12, 1982, Ronald Dale Crane did unlawfully enter a building with intent to commit theft, in violation of Penal Code section 459.

"And, it is further alleged that the above burglary was committed upon an inhabited building, and a residence within the meaning of Penal Code section 667." The People also relied on the change of plea form where Crane declared his plea of guilty to "count III 459 2nd degree with allegation" and admitted he violated "P.C. 459 2nd degree *by entering a residence* during the daytime with the intent to commit a theft." (Italics added.) Finally, the People relied on the abstract of judgment which reflected Crane's conviction of the second degree burglary, but also included under "other orders": "This burglary convicted *within the meaning of P.C. 667.*" (Italics added.)

■   Essentially, Crane contends the trial court erred in proving the residential character of the prior burglary by certified copies of the prior's amended criminal complaint, the change of plea form, and the abstract of judgment. He argues that because a plea of guilty to an offense is no more than an admission of all the elements of the formal criminal charge and entry of a residence is not an element of second degree burglary (*People* v. *Lee* (1984) 150 Cal.App.3d 455, 457 [197 Cal.Rptr. 766]), his plea to second degree burglary does not establish he burglarized a residence. Quoting *In re Finley* (1968) 68 Cal.2d 389, 393 [66 Cal.Rptr. 733, 438 P.2d 381], relied on in *People* v. *Crowson, supra,* 33 Cal.3d 623, 634, he stresses: "The least adjudicated elements of the prior conviction remain the same whether it is questioned in the trial court at the time of determination of habitual criminality or on habeas corpus after such determination becomes final. Neither the People nor the defendant can go behind those adjudicated

elements in an attempt to show that he committed a greater, lesser, or different offense. [Citations.]"

██ ██ "In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding [citations] and the United States Supreme Court has noted that a guilty plea is simply an admission of 'all the elements of a formal criminal charge.' (*McCarthy* v. *United States* (1969) 394 U.S. 459, 466 [22 L.Ed.2d 418, 425, 89 S.Ct. 1166].)" (*People* v. *Crowson, supra,* 33 Cal.3d 623, 634.)

██ Here, taking judicial notice of the court records (Evid. Code, § 452, subd. (d)), we first review the People's proof of the residential character of the burglary consisting of certified copies of the amended criminal complaint, the change of plea form, and the abstract of judgment. The abstract of judgment states the second degree burglary conviction was found to be within the meaning of section 667, consistent with the complaint alleging his burglary was committed upon an inhabited building and a residence within the meaning of section 667. His change of plea form pleading guilty to that count and allegation declares he committed second degree burglary by entering a residence during the daytime with the intent to commit a theft.

Because the abstract of judgment is not the judgment of conviction by its very nature, definition and terms (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627]; § 1213.5), we take further judicial notice of the reporter's transcript for October 22, 1982 (when Crane pleaded guilty to the second degree burglary), showing he expressly admitted the section 667 allegation that the burglary was committed upon an inhabited building and a residence within the meaning of that section. Also, the minute entries memorializing his guilty plea and conviction state they were for violating section "459/667 P.C. second degree" and the pronouncement of judgment upon that conviction of "459/667 P.C."

Accordingly, assuming the principle derived from *In re Finley, supra,* 68 Cal.2d 389, and *In re McVickers* (1946) 29 Cal.2d 264, 276 [176 P.2d 40], approvingly set forth in *People* v. *Crowson, supra,* 33 Cal.3d 623, is applicable within this context, Crane's prior conviction was expressly for second degree burglary within the meaning of the serious felony section 667, requiring the actual and necessary adjudication a residential burglary was indeed involved. Here, the residential character of this burglary conviction was expressly set forth in the entry of the plea of guilty and thus the conviction, memorialized by the minute entries, the abstract of judgment, the signed change of plea form, and the express allegations of count III in the

criminal complaint. Thus, the record of Crane's earlier conviction shows on its face it was for a serious felony pursuant to sections 667 and 1192.7, subdivision (c)(18). There is no *Crowson* error.

Judgment affirmed.

Staniforth, Acting P. J., and Lewis, J., concurred.