[Crim. No. 25042. Oct. 2, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MARIO PIEDRA ALFARO, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, William Blum and Richard Lennon, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John R. Gorey, Robert F. Katz and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher N. Heard as Amicus Curiae on behalf of Plaintiff and Respondent.

OPINION

BROUSSARD, J.—In *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736] (hereafter *Jackson*), we stated that in proving a prior conviction was a "serious felony" for the purpose of the five-year enhancement under Penal Code sections 667 and 1192.7,[1] proof was limited to matters necessarily established by the prior conviction. The Court of Appeal in this case characterized *Jackson*'s reasoning as dictum and refused to follow it. The question before us is simply whether we should adhere to our prior decision or abandon it.

Defendant was convicted of robbery. The trial court found that he previously was convicted of two serious felonies—a 1974 conviction involving burglary of a residence and a 1977 conviction for robbery—and imposed two 5-year enhancements pursuant to sections 667 and 1192.7. The Court of Appeal affirmed. Defendant petitioned for hearing, challenging (a) the trial court's ruling that under article I, section 28 of the California Constitution it had no discretion to exclude the use of the prior convictions for purpose of impeachment, and (b) the court's reliance upon the 1974 burglary conviction to impose a serious felony enhancement. We granted a hearing and retransferred the case to the Court of Appeal for reconsideration in light of *People* v. *Castro* (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111]. The Court of Appeal again affirmed the conviction and sentence. We granted review, specifying in our order that "[t]he issues to be argued before this court shall be limited to what evidence may be considered in determining whether a prior felony conviction involved burglary of a residence. (Rule

---

[1]All statutory citations are to the Penal Code.

29.2, subd. (b), Cal. Rules of Court; see *People* v. *Jackson* (1985) 37 Cal.3d 826.)''

This is one of the first cases in which the court has utilized its authority under new rule 29.2(b), which provides that ''[a]fter granting review of a decision of a Court of Appeal, the Supreme Court may specify the issues to be argued. Unless otherwise ordered, briefs on the merits and oral argument shall be confined to the specified issues and issues fairly included in them.'' Our order granting review cited subdivision (b), and limited argument to the question of what evidence may be considered in determining whether a prior conviction involved burglary of a residence. Thus questions relating to the use of prior convictions for impeachment remain in this case, but were not briefed or argued here. Such questions have since been resolved in *People* v. *Collins, ante,* page 378 [228 Cal.Rptr. 899, 722 P.2d 173], which was pending before this court when we granted review in the present case. Therefore, after resolving the issue argued here—the proof of a prior conviction for residential burglary—we will retransfer the case to the Court of Appeal for further proceedings in light of *Collins.*

On September 7, 1982, Robert Massey, a driver for a medical oxygen delivery service, was confronted by defendant while making a delivery. Defendant asked if the oxygen on the delivery truck was valuable and whether Massey had any money. Defendant then claimed to have a knife and demanded that Massey hand over his watch and money. Massey gave defendant his watch and money—one penny. Defendant struck Massey several times and left with the loot.

Defendant was charged with robbery. The information further alleged that defendant previously had been convicted of two serious felonies, a 1977 robbery and a 1974 ''burglary of a residence.'' Defendant pled not guilty and denied the alleged prior offenses.

The court bifurcated trial on the current robbery charge and the enhancements. Prior to the robbery trial, defendant moved to bar use of the prior convictions for impeachment. The court deferred ruling until the close of the prosecution case, then denied the motion, stating that under article I, section 28 of the California Constitution it had no authority to preclude use of prior convictions for impeachment. Defendant then declined to testify. The jury found him guilty of robbery.

Defendant waived jury trial on the enhancements. The prosecution introduced a copy of the information in the 1974 burglary conviction, which charged defendant with burglary in that ''he entered the house of Shelby Gilbert, located at 111 Bernarda Court, Oxnard, California, with intent to

commit theft." A minute order showed that defendant pled guilty to burglary, "a violation of section 459 of the Penal Code as set forth in the Information."[2] Similar documents demonstrated defendant's 1977 robbery conviction. The trial court found the enhancement true, and sentenced defendant to the middle term of three years for robbery, plus an additional five years for each of the serious felony enhancements.

Section 667, enacted as part of Proposition 8 on June 8, 1982, provides for a five-year enhancement for any person convicted of a serious felony who previously has been convicted of a serious felony. Subdivision (d) of section 667 defines "serious felony" by reference to section 1192.7, subdivision (c); that section lists 25 items including robbery, defendant's current offense, and "burglary of a residence." Robbery is a specific crime, with specifically defined elements; a conviction for robbery unquestionably establishes guilt of that crime. The problem in this and related cases is that "burglary of a residence" is not a specific crime; depending upon the date and degree of the burglary, a conviction may not demonstrate that the defendant entered a residence. (See *Jackson,* pp. 830-831, fn. 2; *People* v. *O'Bryan* (1985) 37 Cal.3d 841, 844-845 [210 Cal.Rptr. 450, 694 P.2d 135].)[3]

We addressed this problem in *Jackson.* In that case the defendant pled guilty to burglary, admitting that it involved entry into a residence, and further admitted a prior conviction for "residential burglary." On appeal he challenged the serious felony enhancement, arguing that it applied only to persons convicted of a specific crime of burglary of a residence, and that no such crime existed. We rejected that argument, observing that while some provisions in section 1192.7 described specific crimes, others described conduct that did not correspond precisely to the elements of any existing offense. We construed such provisions "as referring not to specific criminal offenses, but to the criminal conduct described therein, and applicable whenever the prosecution pleads and proves that conduct." (P. 832.)

The defendant in *Jackson* also argued that his admission and plea of guilty were insufficient to prove that either his prior or present burglary involved entry into a residence. In support of this proposition he cited *People* v.

---

[2]Section 459 defines the crime of burglary, without distinguishing between first and second degree burglary.

[3]"Burglary of a residence," as defined in *People* v. *O'Bryan, supra,* 37 Cal.3d 841, 844, includes entry into "not only dwelling houses and trailer coaches but also 'the inhabited portion of any other building.'" Under that definition, it appears that entry into a residence became an element of first degree burglary either under the 1976 legislation (which referred to "an inhabited dwelling house, trailer coach . . . or building"), or under the 1978 legislation (which replaced "building" with "the inhabited portion of any other building"). Entry into a residence is still not an element of second degree burglary.

*Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389] (hereafter *Crowson*), and our opinion turned to examine that case.

In *Crowson,* defendant's sentence had been enhanced under section 667.5 for a prior federal prison term for conspiracy. Under section 667.5 the prior term could be used to enhance only if the offense "includes all of the elements of the particular felony as defined under California law." Because federal law, as found in *Crowson,* did not include an overt act as an element of the crime, the court held the enhancement improper. (*Crowson,* pp. 632-634; see *Jackson,* p. 833.) The Attorney General argued in *Crowson* that even if federal conspiracy law did not require an overt act, the indictment to which defendant pled guilty specifically alleged two overt acts. We replied that "'if, as we have concluded, proof of an overt act was not a required element of the federal offense, the allegations to which the People refer were entirely immaterial surplusage, and defendant would have had no reason or incentive to contest them in the federal proceeding. In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding. . . . If proof of an overt act was not required to sustain a conviction under the federal statute, neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading. . . .'" (*Crowson,* at p. 634, quoted in *Jackson,* p. 834.)

 Concluding its review of *Crowson,* the *Jackson* opinion found that "*Crowson* established two propositions relevant to the present case: (1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime." (*Jackson,* p. 834; accord, *People* v. *Thomas* (1986) 41 Cal.3d 837, 840 [226 Cal.Rptr. 107, 718 P.2d 94].)

These principles did not bar proof that Jackson's current burglary involved entry into a residence; the allegations charging residential burglary were not superfluous, but essential to assert the elements of a serious felony enhancement. We observed, however, that "[w]ith respect to a . . . burglary conviction . . . which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. [Citing *Crowson.*] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.] A contrary holding, permitting the People to litigate the circumstances of a crime committed

years in the past, would raise serious problems akin to double jeopardy and denial of speedy trial." (*Jackson*, p. 836; accord, *People* v. *Thomas, supra,* 41 Cal.3d 837, 840.)

*Jackson* went on to hold that a defendant's admission that he previously had been convicted of a serious felony was sufficient to establish that fact. (P. 836.) That holding is immaterial to the present case. But the preceding analysis, albeit dictum, is controlling, for under that analysis, defendant's 1974 burglary conviction does not establish that his burglary involved entry into a residence, and this defect in proof cannot be remedied by reference to the 1974 information.

We first note that, although dictum, *Jackson*'s analysis regarding proof of prior residential burglaries is critical to its holding that sections 667 and 1192.7 could apply to a second degree burglary involving residential entry. We were presented in *Jackson* with a substantial argument that the serious felony of "burglary of a residence" could apply only to a crime which included the element of residential entry, and that such a crime was first created by the amendment redefining first degree burglary as of January 1, 1983. (See *Jackson*, p. 835, fn. 11.) The defendant in *Jackson* claimed such a construction was essential to avoid the reopening of long past convictions, with both parties presenting evidence to show whether or not the site of the past burglary was a residence. Our interpretation of section 667 limiting proof to matters established by collateral estoppel blunts the force of that argument.

The Attorney General maintains that *Jackson*'s analysis is erroneous. He has presented a variety of arguments in this and other cases.[4] Most of the arguments center around the claim that *Crowson* and the precedents on which it relies were construing other statutes, and should not govern proof under section 667.

*Crowson* involved an enhancement under section 667.5 based on service of a prior prison term for a listed violent felony. Subdivision (c) of section 667.5 listed, in addition to six specific violent felonies, any felony punishable by death or life imprisonment, and any felony in which the court had found a great bodily injury or firearm use enhancement. With respect to foreign convictions, subdivision (f) provided that "[a] prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense

---

[4]The most complete statement of the Attorney General's position is that presented in the respondent's supplemental brief in *People* v. *Thomas, supra,* 41 Cal.3d 837. Our opinion in *Thomas*, however, held that the defendant's admission that he previously had been convicted of a "serious felony" suffices to permit imposition of the enhanced penalty, a holding which rendered it unnecessary to reconsider the *Jackson* analysis.

which includes all of the elements of the particular felony as defined under California law. . . ." *Crowson* construed this language to require the prosecution to prove that the elements of the foreign offense included all elements of the California offense.[5]

Section 667 contains language very similar to that construed in *Crowson*. It provides in subdivision (a) that "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive . . . a five-year enhancement for each such prior conviction. . . ." This language suggests that a prior conviction is for a "serious felony" if it was for an offense which includes "all of the elements of any serious felony" in the statutory list. This is essentially the construction *Crowson* adopted for determining the effect of foreign convictions under section 667.5. It logically applies equally to prior California convictions which, for one reason or another, do not correspond precisely to a listed serious felony.

Most of the 25 serious felonies listed in section 1192.7 do correspond exactly to specific crimes or enhancements, and present no problems under the *Crowson* analysis. "Burglary of a residence," however, is an exception since, at least in 1982 when sections 667 and 1192.7 were enacted, that language did not correspond to any specific crime. (See *Jackson,* p. 835, fn. 11.) If, however, we view entry into a residence as an "element" essential to a serious felony enhancement, a prior California or foreign burglary conviction would be a conviction for a serious felony if entry into a residence was an element necessarily adjudicated by the conviction. (See *People* v. *O'Bryan, supra,* 37 Cal.3d 841, holding that residential entry was an element of first degree burglary in 1980, and thus that defendant's conviction for that crime established his conviction of a prior serious felony.)

The virtue of this analysis is that proof of the prior conviction is limited to matters which fall within the doctrine of collateral estoppel and thus cannot be controverted. Proof is simple and conclusive. The contrary view

---

[5]The cases cited in *Crowson* construed section 668, which provides that "[e]very person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, such person could have been punished under the laws of this state by imprisonment in a state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if such prior conviction had taken place in a court of this state." The most recent of those decisions, *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 773, 438 P.2d 381], specifically limited proof to the "least adjudicated elements of the prior conviction." (P. 393.) Earlier cases, such as *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40] and *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24], barred proof outside the record of the case but apparently permitted reference to the specifics of the indictment or information.

espoused by the Attorney General in *Thomas*—that residential entry is conduct which can be proved like any other controverted question of fact— creates obvious difficulties. The prosecution could then introduce documentary and testimonial evidence to show that the prior burglary involved a residence; defendant could introduce contrary evidence or argue that the prosecution's evidence does not prove the point beyond a reasonable doubt. The net result would resemble retrial of the original burglary charge.

The Attorney General in the present case recognizes the burden upon the courts and the potential unfairness to the defendant if we were to permit the prosecution to prove residence as any other question of fact. He suggests, however, that we should at least permit proof based on the record in the court file. But such evidence from the court records would often be inconclusive or unsatisfactory,[6] and since it is not binding under the doctrine of collateral estoppel, defendant could not be barred from presenting other evidence to controvert the prosecution's evidence. Perhaps the strongest case for going beyond the *Crowson* limitations is one such as *People* v. *Longinetti* (1985) 164 Cal.App.3d 704 [210 Cal.Rptr. 729], in which the judgment incorporated by reference the residential allegations of the complaint, but even in that case one cannot place confidence in a finding of "guilty as charged" when the charge included an allegation of residency the prosecution had no need to prove, defendant no incentive to contest, and the trier of fact no duty to decide.

■■■■ Our task in *Jackson* and in the present case is one of construing section 667, subdivision (a). The "consequences that will flow from a particular interpretation" is one of the factors which a court should consider in interpreting a statute (*Estate of Ryan* (1943) 21 Cal.2d 498, 512 [133 P.2d 426]; *Jaynes* v. *Stockton* (1961) 193 Cal.App.2d 47, 56 [14 Cal.Rptr. 49]); "[t]he interpretation should lean strongly to avoid absurd consequences, and even great inconvenience" (*People* v. *Curry* (1900) 130 Cal. 82, 94 [62 P. 516]). Noting that *Crowson* has construed similar statutory language to limit proof to matters established by collateral estoppel, and that such a limitation would avoid the "great inconvenience" of relitigating the circumstances of long past convictions, *Jackson* adopted that construction for section 667, subdivision (a). We adhere to that reasoning.

The other arguments raised against *Jackson* take phrases out of their context in that case and give them a meaning unintended by the court. The Court of Appeal, for example, asserted that allegations charging entry into

---

[6]What would be the effect, for example, of a jury verdict finding defendant guilty as charged, when the charge included a residential allegation but the jury was not instructed on entry into a residence? (Cf. *People* v. *Garcia* (1984) 36 Cal.3d 539 [205 Cal.Rptr. 265, 684 P.2d 826].)

a particular residence are not "superfluous" because they inform the defendant of the charges he must meet. We agree that specific allegations of residence are not mere idle words, but serve a function in the pleading. They are "superfluous," however, in the sense that they do not add to the elements of the crime, pose no issues which are necessarily adjudicated by the judgment, and thus are not the subject of collateral estoppel—and this is the sense in which that word is used in *Jackson* and *Crowson*.[7] Again, it is claimed that the "record of the conviction" includes not only the pleadings and judgment, but such documents as probation reports and preliminary hearing transcripts and that proof by means of such documents is not "going behind the record of the conviction." The specific phrase in *Jackson*, however, was that "the prosecution cannot go behind the record of the conviction . . . to prove some fact which was not an element of the crime." (P. 834.) In this context, "record of the conviction" refers to the judgment, and matters necessarily adjudicated therein.

 In the present case, the judgment in the 1974 burglary proceeding did not establish that defendant entered a residence. While the information so alleged, such entry was not an element of the crime. Defendant's guilty plea constituted "a judicial admission of every element of the offense charged" (*People* v. *Chadd* (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837]), but only that; it did not admit other allegations in the pleadings. (*Crowson*, p. 634.) Following the reasoning of *Jackson*, which limits proof to matters established by collateral estoppel, we conclude that there was no competent proof that defendant's 1974 conviction was for the serious felony of "burglary of a residence."[8]

The judgment of the Court of Appeal is reversed to the extent that it upholds a five-year enhancement under section 667.5 based upon defendant's 1974 burglary conviction. The case is retransferred to the Court of Appeal, Second Appellate District, Division Six, to determine whether defendant's conviction should be reversed, or further proceedings conducted, by reason

---

[7]*Jackson* does not strictly limit proof to elements of the crime, but permits proof of any matter which was necessarily adjudicated by the judgment and which defendant had an incentive to contest. Thus in footnote 14 in *Jackson*, we explained that "[i]n a post-Proposition 8 case . . . an allegation that a burglary involved entry into a residence is not a superfluous allegation. Even if the case involved the first serious felony charge against the defendant, proof of the residential character of the burglary would expose defendant to an enhanced punishment if he committed a later serious crime. Consequently, admissions or findings that a burglary was of a residence, established on the record of the conviction, could be used in a later proceeding to prove that the defendant had previously been convicted of a serious felony." (P. 836.)

[8]We disapprove language contrary to the views expressed herein in *People* v. *Longinetti*, *supra*, 164 Cal.App.3d 704, and in two cases decided before *Jackson*, *People* v. *Crane* (1985) 163 Cal.App.3d 667 [209 Cal.Rptr. 585] and *People* v. *Dean* (1984) 161 Cal.App.3d 493 [207 Cal.Rptr. 688].

of the trial court's failure to exercise its discretion to bar use of defendant's prior convictions for the purpose of impeachment. (See *People* v. *Collins, supra, ante,* pp. 393-395.)[9]

Bird, C. J., Reynoso, J., and Grodin, J., concurred.

**MOSK, J.,** Concurring and Dissenting.—While I concur in the decision of the majority to retransfer this case for further consideration in light of *People* v. *Collins, ante,* page 378 [228 Cal.Rptr. 899, 722 P.2d 173], I do not believe that we should follow the dictum in *People* v. *Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], on the facts before us.

Under Penal Code section 667, a defendant's sentence may be enhanced by five years if he has previously been convicted of, inter alia, "burglary of a residence." As the majority opinion points out, however, proof of a defendant's prior conviction for "burglary" will not always demonstrate whether the burglary was "of a residence." Thus, we must determine how the prosecution may prove that a previous burglary conviction involved an entry into a residence and hence can serve as the basis for an enhanced sentence under Penal Code section 667.

We considered this problem in *Jackson,* but there the defendant admitted as part of his plea bargain that his prior burglary conviction did in fact involve a residence. We observed that the defendant was fully aware of the effect of his admission and held: "There is no rule . . . which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation." (*Id.,* at p. 836.) In dictum, however, we added that the prosecution should not be allowed to prove that a prior burglary conviction was residential in character unless this was admitted by the defendant in the present proceeding or was the type of burglary conviction that included entry into a residence as one of its essential elements. To hold otherwise, we suggested, would permit the People "to litigate the circumstances of a crime committed years in the past . . . [and] raise serious problems akin to double jeopardy and denial of speedy trial." (*Ibid.*)

I agree that the prosecution should not be permitted to relitigate the circumstances of a past offense; this could be a substantial burden on the defendant and on the courts. Nonetheless, it seems unfair to the proper administration of justice and contrary to the legislative intent to prevent the

---

[9]"If the Supreme Court decides only limited issues, other issues in the cause will be disposed of by the Court of Appeal as the Supreme Court directs. If the Court of Appeal is not directed to take further action, the original Court of Appeal resolution of the other issues stands as between the parties." (Advisory Com. com. to Cal. Rules of Court, rule 29.2.)

prosecution from using *court records* to establish that the prior burglary did in fact involve a residence. It is particularly troubling in a case such as this, in which the court records from the defendant's prior burglary conviction clearly reveal that he admitted the burglary was of a residence. The 1974 information charged defendant with burglary in that "he entered the house of Shelby Gilbert, located at 111 Bernarda Court, Oxnard, California, with intent to commit theft." Defendant pleaded guilty to that burglary, "a violation of section 459 of the Penal Code *as set forth in the Information.*" (Italics added.) There is no contention that he did not receive all the required admonitions before he knowingly entered his plea admitting all the allegations of the information, specifically including that he entered the residence of the victim to commit theft.

Of course the admission concerning the residential nature of the burglary was made without the knowledge that it could one day result in an enhanced sentence for later crimes. That is true, however, of every guilty plea to a charge of felony: it is seldom entered in anticipation of the commission of future crimes. Nevertheless if there are subsequent crimes, in most instances there will be enhanced punishment.

In sum, I see no constitutional barrier to allowing the use of court records to establish the fact that the defendant admitted in open court that his prior burglary involved a residence. I would uphold the enhancement under Penal Code section 667 based on defendant's 1974 guilty plea to a burglary involving a residence.

Lucas, J., and Panelli, J., concurred.