Filed 5/17/13  P. v. Romero CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICARDO LUCERO ROMERO,<br><br>    Defendant and Appellant. | F065224<br><br>(Super. Ct. No. F11904707)<br><br>**OPINION** |

-ooOoo-

**THE COURT***

APPEAL from a judgment of the Superior Court of Fresno County.  James R. Oppliger and D. Tyler Tharpe, Judges.†

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Wiseman, Acting P.J., Levy, J., and Gomes, J.

†       Judge Oppliger presided over appellant's change of plea hearing.  Judge Tharpe sentenced appellant.

# FACTS AND PROCEEDINGS

Appellant, Ricardo Lucero Romero, was charged in an information filed on April 2, 2012, with assault with intent to commit rape (Pen. Code, § 220, count 1),[1] forcible oral copulation (§ 288a, subd. (c)(2)(A), count 2), and two counts of sexual penetration of a minor 14 years of age or older (§ 289, subd. (a)(1)(C), counts 3 & 4). The information further alleged that appellant had two prior prison term enhancements (§ 667.5, subd. (b)).

On May 17, 2012, appellant entered into a plea agreement in which he would admit counts 3 and 4, as well as the two prior prison term enhancements, in exchange for the dismissal of counts 1 and 2. Appellant would be subject to a maximum prison sentence of 22 years. Appellant executed and initialed a felony advisement, waiver of rights, and plea form indicating he would admit counts 3 and 4, as well as the two enhancements. Appellant acknowledged and waived his constitutional rights pursuant to *Boykin/Tahl*,[2] stated he understood the consequences of his plea, and agreed the police reports constituted a factual basis for his plea.

Appellant also initialed a box stating: "I have had enough time to discuss my case and all possible defenses with my attorney." Appellant's trial counsel signed the form under the heading "ATTORNEY'S STATEMENT," acknowledging that counsel reviewed the plea form with his client, explained his constitutional rights to appellant, answered all of appellant's questions concerning the plea, discussed the facts of the case with appellant and the consequences of the plea, and reviewed the elements of the offenses and potential defenses.

---

[1]    All statutory references are to the Penal Code.

[2]    *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

2

At the change of plea hearing, appellant verified to the trial court that he executed and initialed the plea form. The court explained to appellant the consequences of his plea, including his *Boykin/Tahl* rights which appellant waived in court. The parties stipulated that the police reports constituted the factual basis for the plea. Appellant pled no contest to counts 3 and 4 and admitted the two prior prison term enhancements. Pursuant to the plea agreement, the trial court granted the prosecutor's motion to dismiss counts 1 and 2.

On June 22, 2012, the trial court sentenced appellant in counts 3 and 4 to the upper term of ten years, to be served fully, separately, and consecutively pursuant to section 667.6, subdivision (c). The court imposed two consecutive sentences of one year for each prior prison term enhancement for a total prison sentence of 22 years. The court imposed a restitution fine of $5,280 and granted total custody credits of 470 days.[3] The court reserved the issue of victim restitution for later determination.

Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[3]     The original abstract of judgment inaccurately indicated that appellant was sentenced pursuant to the three strikes law. It also inaccurately indicated by a checked box on the form that appellant's consecutive sentence on count 4 was to be a consecutive, one-third term. Appellate counsel filed correspondence with the trial court seeking removal from the abstract of judgment of any reference to sentencing pursuant to the three strikes law.

On November 15, 2012, this court filed an amended abstract of judgment with the reference to sentencing under the three strikes law omitted. The amended abstract of judgment, however, still has the inaccurate box checked indicating that appellant's consecutive term on count 4 is one-third of the 10-year term imposed by the court. This is clerical error that can be corrected at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705.) Accordingly, we will remand to the trial court for the limited purpose of having the abstract of judgment again corrected to reflect that appellant's sentence on count 4 is a consecutive full term sentence to his sentence on count 3.

**FACTS**

At 2:15 a.m. on August 14, 2011, 16-year-old Confidential Victim (CV), was walking with her friend, R.A., in the area of Fresno and Olive Streets in Fresno when appellant exited his vehicle at a gas station and tried talking to CV.  CV and R.A. tried to ignore appellant and continued walking.  Appellant followed the two girls, who crossed the street to avoid appellant.  Appellant grabbed CV, put his hand over her mouth, and touched her anus and vagina through her clothing.

R.A. called the police.  CV bit appellant's hand and tried to move onto a fence and yelled for help.  Appellant grabbed CV and placed his penis into her mouth and moved her head back and forth.  CV scratched appellant's face with a fingernail.  R.A. knocked on the door of a nearby house, pleading for help.  CV asked for help from people at a nearby garage.  Appellant assured the people that CV was just going crazy.  Appellant got CV to the ground, put his hand down the back of her shorts inside her underwear, and stuck a finger in CV's anus and another finger in her vagina and moved them back and forth for a few seconds.

Two men walked up and told appellant to leave CV alone.  CV got up and ran away to her father's house.  Appellant was detained by the men.  When police arrived, they observed that appellant had scratches on his face.  Police noted that CV's lip was swollen and her face had scratches and red marks.  Both of CV's legs were scratched.  CV was brought back to the scene and positively identified appellant as her assailant.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his

4

own brief with this court. By letter on October 1, 2012, we invited appellant to submit additional briefing.

Appellant replied with a letter complaining that the victim's mother got to state at sentencing that the victim was not the same outgoing person she used to be, lived in constant fear, and was afraid to leave her house. Appellant claims his relatives were not allowed to speak at the hearing. Appellant asserts he never admitted anything about the offenses charged against him and he was misadvised by his attorney. Appellant denies waiving his rights and asserts that he was railroaded by his attorney and the prosecutor.

There is no indication that during the sentencing hearing appellant's relatives attempted to speak on his behalf and were denied the chance to do so. The record clearly shows that appellant was well aware of his *Boykin/Tahl* rights and waived them both in the plea form and in open court after an advisement by the trial judge. Appellant's counsel signed a statement that he advised appellant of his rights and potential defenses and appellant initialed a box in the plea form that he had consulted his attorney. As part of the plea bargain, two other felony sex offense charges that were also subject to consecutive sentencing were dismissed. There is no evidence in the record that appellant's trial representation was inadequate.[4]

---

[4] The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or, unless there simply could be no satisfactory explanation. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in

5

Appellant contends he did not admit any allegations. Appellant, however, pled no contest to counts 3 and 4 in open court and admitted them in the plea form. A guilty plea is, for most purposes, the legal equivalent of a jury's guilty verdict. (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.) A guilty plea serves as a stipulation that the People need not introduce proof to support the accusation. The plea ipso facto supplies both evidence and verdict and is deemed to constitute an admission of every element of the charged offense. (*People v. Alfaro* (1986) 42 Cal.3d 627, 636 [overruled on another ground in *People v. Guerrero* (1988) 44 Cal.3d 343]; *People v. Chadd* (1981) 28 Cal.3d 739, 748.)

A plea of nolo contendere (or no contest) is legally equivalent to a guilty plea and also constitutes an admission of every element of the offense pled. (*People v. Warburton* (1970) 7 Cal.App.3d 815, 820-821.) We therefore reject appellant's contention he was not guilty or that there was no evidence against him.

Finally, to the extent that appellant's letter can be construed as a challenge to the validity of the plea agreement, he is barred from making such a challenge because he failed to obtain a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-79.) Defendants cannot set aside their pleas merely because they change their minds or have buyer's remorse. (*In re Vargas* (2000) 83 Cal.App.4th 1125, 1143-1144; *People v. Knight* (1987) 194 Cal.App.3d 337, 344.)

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

---

tactics or to file motions which are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.) We find no evidence in the record on appeal that defense counsel's representation was ineffective.

## DISPOSITION

The case is remanded to the trial court for the limited purpose to correct clerical error and amend the abstract of judgment to reflect the trial court's order during sentencing that appellant's sentences on counts 3 and 4 were to run fully, separately, and consecutively. The court shall forward the amended abstract of judgment to the appropriate authorities. The judgment is affirmed.